IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| A.F. of L. - A.G.C. BUILDING TRADES WELFARE and PENSION PLAN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL ACTION 06-0490-WS-M |
| CHAMPION STEEL COMPANY, LLC, | ) ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the parties' "Joint Motion to Set Aside Judgment." (Doc. 37). To resolve it, a brief history is required.

The parties filed a "Joint Notice of Settlement," which stated that they "have settled this matter and request the Court to stay all deadlines and proceedings in this matter for thirty (30) days to allow the parties time to prepare the necessary settlement documentation." (Doc. 35). The following day, the Court entered its standard "30-day order," which dismissed the action with prejudice based on the parties' settlement but allowed any party to reinstate the action unilaterally within thirty days from entry of the order should the settlement not be consummated. (Doc. 36). The pending motion was filed 39 days after the 30-day order was entered.

The parties state that their settlement agreement calls for the defendant to make a series of monthly payments, the final one occurring on or before May 1, 2008. They conclude that, "[i]n order for Plaintiffs to have any recourse against the Defendant in the event of default at any time during the eleven (11) month period, any dismissal of this case at this time must be without prejudice" until May 1, 2008. (Doc. 37, ¶ 2). The Court does not follow this reasoning. The parties have entered a settlement agreement, and any default under that agreement would give rise to a claim for breach of contract, as the

agreement itself expressly recognizes. (Doc. 37, Exhibit 1 at 4, ¶ 8.a). The plaintiffs thus do have recourse against the defendant in the event of default.[1] Any such claim would of course have to be vindicated in a separate legal proceeding, since the Court has not been asked to, and would not, incorporate the settlement agreement into any order or otherwise make violation of the agreement violation of a Court order. *See generally Kokkenen v. Guardian Life Insurance Co.*, 511 U.S. 375, 380-82 (1994).

What the plaintiffs apparently want (though they do not say so) is the additional recourse of obtaining judgment against the defendant in this case should it default in payment; the settlement agreement indicates that the parties have executed a consent judgment but that the plaintiffs agree not to file it as long as the monthly payments are timely made. (Doc. 37, Exhibit 1 at 3, ¶ 5). It is not the practice of this Court to retain settled cases on its docket for the sole purpose of providing the plaintiff an alternate means of recovery should the defendant not honor its contractual obligations. Certainly the Court would have entertained a motion for entry of consent judgment in connection with its order of dismissal had the parties so requested,[2] but it will not hold a case in suspended animation so that the plaintiffs may seek consent judgment later at their convenience.

At any rate, the parties have delayed too long in seeking modification of the Court's order of dismissal. That order explicitly required any reinstatement of the action to be sought no later than 30 days after entry of the order, and the parties did not file this motion or take any other action until 39 days after entry.

For the reasons set forth above, the parties' joint motion to set aside judgment is **denied**.

---

[1] Indeed, they also have recourse against Jack Bass, a non-party to the lawsuit but a party to the settlement agreement with obligations to execute and make payments under a promissory note. (*Id.*).

[2] The parties could have agreed not to execute on, or even record, the consent judgment absent default under the settlement agreement, and to have the judgment marked satisfied upon payment of some sum below the judgment amount.

DONE and ORDERED this 19th day of July, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE